UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NIZER MUSTAFA,<br><br>Defendant. | No. 14-261(5) (JRT/BRT)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION TO CORRECT SENTENCE AND DENYING MOTION FOR COMPASSIONATE RELEASE** |

Lauren O. Roso, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Nizer M. Mustafa, **Reg. No. 18089-041**, FPC Duluth, Post Office Box 1000, Duluth, MN 55814, pro se defendant.

Defendant Nizer Mustafa is currently serving an 87-month sentence after pleading guilty to Conspiracy to Engage in Interstate Transportation of Stolen Goods and Access Device Fraud, in violation of 18 U.S.C. § 371, and Conspiracy to Defraud the Government with Respect to Claims, in violation of 18 U.S.C. § 286.  Mustafa makes two requests to the Court.  First, he requests a correction to his sentence to conform with the statutory maximums for his two convictions.  Second, he requests that the Court reduce his sentence to time served and grant him compassionate release under the First Step Act.  Because the Court sentenced Mustafa to 87-months of imprisonment on the stolen-goods

conspiracy charge instead of the conspiracy-to-defraud-the-government charge, the Court will grant in part Mustafa's § 2255 Motion and will reapportion his sentence to reflect the statutory maximums, but will not reduce the total sentence. Additionally, the Court will deny Mustafa's Motion for Compassionate Release as he has not presented extraordinary and compelling reasons that warrant a reduction in sentence.

## BACKGROUND

Mustafa is a 41-year-old man currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. (Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc.) His current projected release date is 12/31/2023. (*Id.*) In February 2015, Mustafa pleaded guilty to two Conspiracy charges. (Plea Agreement, Feb. 18, 2015, Docket No. 440.) In June 2017, he was sentenced to 87 months in prison. (Sentencing Transcript at 13:25–14:4, June 22, 2017, Docket No. 1444.) The Court apportioned the 87-month concurrent sentence between the two convictions as follows: (1) 87 months for Conspiracy to Engage in Interstate Transportation of Stolen Goods, 18 U.S.C. § 371 and (2) 24 months for Conspiracy to Defraud the Government, 18 U.S.C. § 286, (*Id.* at 13:25–14:2.). The 87-month sentence represented a significant downward departure from the guideline range. (*Id.* at 14:9–12.)

On October 31, 2019, Mustafa filed a Motion to Correct Sentence Pursuant to Fed. R. Crim. P. 36, arguing that his 87-month sentence under Count 1 of the Superseding Indictment was in excess of the statutory maximum of 60 months. (Docket No. 1426.) On

-2-

February 20, 2020, Mustafa filed a Motion pursuant to 18 U.S.C. § 2255 seeking the same relief, and a letter requesting permission to file the § 2255 motion. (Docket Nos. 1453, 1454).

On May 18, 2020, Mustafa filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that because he fears that he will contract COVID-19 if he serves the remainder of his sentence, he should be released early from prison. (Docket No. 1472.)

**DISCUSSION**

**I.    SENTENCE REDUCTION**

Mustafa argues that the Court should reduce his sentence to time served pursuant to Fed. R. Crim. P. 36, because the maximum sentence allowed by statute under 18 U.S.C. § 371 is 60 months and the Court sentenced Mustafa to 87 months.  The United States agrees that the maximum sentence for a violation of § 371 is 60 months but argues the Court simply made an apportionment error and intended to sentence Mustafa to 87 months for his conviction pursuant to 18 U.S.C. § 286, which carries a maximum sentence of 120 months.  In essence, the United States argues the Court mistakenly apportioned the sentences imposed to the wrong Counts of conviction.

The Court agrees with the United States.  It was the Court's intent to sentence Mustafa to a term of 87-months imprisonment for Count 1 of the Information, and 24 months for Count 1 of the Indictment.  (*See* Revised Presentence Investigation Report at

1, June 23, 2017, Docket No. 1078 (noting the respective maximum sentences for the two counts).) Although Mustafa filed his initial Motion under Rule 36, the Court may not reapportion a sentence made in error under that Rule; instead, it must correct a sentence under § 2255(b). *See United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (noting Rule 36 is meant to correct only a "scrivener's mistake" not a legal mistake); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature." (quoting *United States v. Werber*, 51 F.3d 342, 347 (2d Cir. 1995))).

To that end, the Court will deny Mustafa's Rule 36 Motion, grant his Motion Requesting Leave to File a § 2255 Motion, and grant in part and deny in part his § 2255 Motion. The Court will correct its apportionment error and resentence Mustafa under § 2255(b).[1] The Court will reapportion Mustafa's sentences to 24 months under Count 1 of the Superseding Indictment, 18 U.S.C. § 371, which carries a maximum of 60-months imprisonment, and 87 months under Count 1 of the Information, 18 U.S.C. § 286, which carries a maximum of 120-months imprisonment, to run concurrently. This correction does not alter Mustafa's cumulative sentence of 87 months or his release date.

---

[1] The United States waived its affirmative defenses that Mustafa's § 2255 Motion is time barred and procedurally defaulted to the extent that Mustafa sought a sentence correction based on the Court's apportionment mistake.

## II.     COMPASSIONATE RELEASE

Mustafa also moves for a reduction in sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

The First Step Act, passed in December 2018, amended the procedure for compassionate release.  *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).  The law allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release.  18 U.S.C. § 3582(c)(1)(A).  However, a defendant may only bring such a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *Id.*  Once remedies are exhausted, the Court may reduce the defendant's sentence after considering the "factors set forth in section 3553(a)," if it finds that "extraordinary and compelling reasons warrant such a reduction," and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).

Mustafa has exhausted his administrative remedies and his Motion is ripe for consideration.  Mustafa must first show that "extraordinary and compelling reasons" warrant a reduction in sentence.  *Id.*  Mustafa has failed to present such reasons as he does not argue, let alone present medical evidence confirming, that he suffers from any underlying illness or condition that puts him at a higher risk of serious illness from COVID-

19. *See United States v. Mork,* Criminal No. 17-176 (SRN/SER), 2020 WL 3026647, at *5 (D. Minn. June 5, 2020) (denying motion for compassionate release, in part because of failure to provide documentation of alleged medical conditions); *United States v. Shamilov*, Criminal No. 19-238 (SRN), 2020 WL 2029600, at *3 (D Minn. Apr. 28, 2020) (finding that compassionate release would not be warranted where inmate made claim of asthma not supported by the record).

Accordingly, the Court will deny Mustafa's Motion for Compassionate Release.

**ORDER**

Based on the foregoing and on all the files, records, and proceedings herein, Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Mustafa's Motion to Correct Sentence Pursuant to Rule 36 [Docket No. 1426] is **DENIED**;

2. Mustafa's Motion to File a 28 U.S.C. § 2255 Motion [Docket No. 1454] is **GRANTED**;

3. Mustafa's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 1453] pursuant to § 2255 is **GRANTED in part and DENIED in part** and the Court resentences Mustafa to a term of 24 months imprisonment under Count 1 of the Superseding Indictment, 18 U.S.C. § 371, which carries a maximum term of 60 months imprisonment, and 87 months under Count 1 of the Information, 18 U.S.C. § 286, which carries a maximum term of 120 months imprisonment, to run concurrently.

4. Mustafa's Motion for Compassionate Release [Docket No. 1472] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

-7-

DATED:  August 21, 2020
at Minneapolis, Minnesota.

_____
JOHN R. TUNHEIM
Chief Judge
United States District Court